# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|                              |   |                    |
|------------------------------|---|--------------------|
| UNITED STATES OF AMERICA,    | ) |                    |
| Plaintiff,                   | ) |                    |
| v.                           | ) | Case No. 08-20152  |
| JESSE WALKER,                | ) |                    |
| Defendant.                   | ) |                    |

## MEMORANDUM AND ORDER

The matter is presently before the Court on defendant's motion for return of personal property pursuant to Fed. R. Crim. P. 41(g) (Doc. # 24). The motion is **denied**.

### I.     Background

On January 12, 2009, defendant pled guilty to a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), that is, possession with intent to distribute 50 grams or more of cocaine base (crack). The factual basis for the guilty plea set forth in the plea agreement focused on the execution of a search warrant and the evidence recovered. The following facts are relevant to defendant's motion: (1) police officers executed a search warrant on June 22, 2007; (2) officers were then dispatched to a residence pursuant to a shooting report; (3) officers recovered large quantities of various drugs and two digital scales; and (4) officers also recovered clothes, jewelry, and other personal items belonging to

defendant, including photographs of defendant. On June 1, 2009, defendant was sentenced to 120 months of imprisonment and five years of supervised release.

**II.  Discussion**

Pursuant to Rule 41(g), defendant seeks return of personal property seized by Kansas law-enforcement officers that led to the federal charges against him. Rule 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

"Rule [41(g)] is an equitable remedy, ... available to [the movant] only if he can show irreparable harm and an inadequate remedy at law." *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999). "[A] forfeiture proceeding provides a defendant with an adequate remedy at law for resolving a claim to seized property." *United States v. Akers*, 215 F.3d 1089, 1106 (10th Cir. 2000). However,

> there are some limited circumstances under which Rule [41(g)] can be used as a vehicle to petition for the return of property seized by state authorities. Those circumstances include actual federal possession of the property forfeited by the state, constructive federal possession where the property was considered evidence in the federal prosecution, or instances where property was seized by state officials acting at the direction of federal authorities in an agency capacity.

*Clymore*, 164 F.3d at 571. "[P]roperty seized and held by state law-enforcement officers

is not in the constructive possession of the United States for Rule 41(g) purposes unless it is being held for potential use as evidence in a federal prosecution." *United States v. Copeman*, 458 F.3d 1070, 1072 (10th Cir. 2006).

Defendant filed the instant motion for return of personal property on September 24, 2009. He seeks return of the "photographs, clothing, jewelry, televisions, and cash" seized by "government agents . . . during the investigation of the case[, the] execution of a search warrant on June 22, 2007, and [up]on his arrest on November 10, 2008." As a threshold matter, there is no evidence of the seizure of televisions or cash, or of seizures during the investigation or upon arrest.

In response, the Government indicates: (1) the property in question is in the custody of the Kansas City, Kansas Police Department; (2) Federal Agents were told by personnel from the Alcohol Beverage Control Board for the State of Kansas that the property is subject to forfeiture; and (3) it was understood that the State of Kansas would institute forfeiture proceedings on the property.

First, defendant has not shown that he does not have an adequate remedy at law in the courts of the State of Kansas. Second, and most importantly, defendant has not shown that the personal property is in the actual possession of the federal Government, nor has defendant shown that the property is in the constructive possession of the Government, as it is not being held for potential use as evidence. Therefore, the Court denies defendant's motion for return of property.

3

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for return of personal property (Doc. #24) is **denied**.

IT IS SO ORDERED.

Dated this 23rd day of November, 2009, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge