# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                           Case No. 08-20152-JWL

**Jesse Walker,**

    **Defendant.**

## MEMORANDUM & ORDER

In January 2009, defendant Jesse Walker entered a plea of guilty to possession with intent to distribute 50 grams or more of cocaine base. The court sentenced Mr. Walker to a 120-month term of imprisonment and a five-year term of supervised release. Mr. Walker began his term of supervision in September 2017. This matter is now before the court on Mr. Walker's motion for early termination of his supervision. The government opposes the motion. As will be explained, the motion is granted.

A district court has authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release," so long as it considers the factors in § 3553(a) and the release is in the "interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Begay*, 631 F.3d 1168, 1171–72 (10th Cir. 2011). Mr. Walker contends that early termination is appropriate because his reintegration into society is complete and further supervision is unnecessary. In support of his motion, he asserts that he has maintained full-time employment with the same employer since September 2017; that he has lived with his mother and his daughter since beginning his term of supervision (with the

exception of a two-month period when they relocated to a hotel due to a house fire); and that he is in good standing with the probation office. The record reflects that Mr. Walker has passed all random drug tests; that he has consistently submitted his monthly supervision reports; and that he has demonstrated a positive and cooperative attitude while on supervision. Importantly, the probation office supports Mr. Walker's request for early termination.

The government opposes Mr. Walker's motion on the grounds that there is an insufficient basis for early termination, particularly because Mr. Walker has been cited for noncompliance on a handful of occasions during his supervision. On one occasion, for example, Mr. Walker missed a urinalysis appointment when the UA facility closed before Mr. Walker was able to leave work. On another occasion, Mr. Walker began a relationship with a woman who has a past felony conviction and failed to ask the probation office for permission to associate. But it is significant to the court that, despite these minor violations, the probation office supports the termination of Mr. Walker's supervision. In its letter in support of termination, attached as Appendix A to this memorandum and order, the probation office emphasizes that Mr. Walker meets the eligibility criteria set forth in the applicable statutes and in Monograph 109, § 380.10—Early Termination. The probation office is the most familiar with Mr. Walker's circumstances and conduct since his release and is in the best position to assess the need for continuing supervision. Moreover, the eligibility criteria, contrary to the government's suggestion, do not mandate an "exceptional" record during supervision. *See United States v. Harris*, 258 F. Supp.3d 137, 149-50 (D.D.C. 2017) ("[C]onstruing § 3583(e)(1) to require the defendant to exhibit objectively extraordinary or unusual conduct during supervision is a stretch not expressed in the statutory text."); *United States v. McFadden*, 2017 WL 68649, at *2 (D.N.J.

Jan. 5, 2017) (a defendant need not show extraordinary circumstances to merit a reduction of supervised release).

In short, the court concludes that termination of Mr. Walker's supervision is warranted in light of the factors in § 3553(a) and is in the interest of justice. He has successfully reintegrated into the community as evidenced by his stable home life and his consistent, full-time employment and he is in good standing with the probation office. The court is persuaded that termination of supervised release is warranted here. Accordingly, the court grants the motion, and defendant's term of supervised release is hereby terminated.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Walker's motion for early termination of supervised release (doc. 29) is **granted** and defendant's term of supervised release is hereby terminated.

**IT IS SO ORDERED.**

Dated this 4th day of April, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge